FILED ENTERED
LODGED RECEIVED
JUN 03 2019
AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                              DEPUTY

The Hon. John C. Coughenour

# UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>RAQWON SLADE,<br><br>Defendant. | NO. CR18-307-JCC<br><br>PLEA AGREEMENT |

The United States of America, by and through Brian T. Moran, United States Attorney for the Western District of Washington, and Stephen Hobbs, Assistant United States Attorney for said District, and the Defendant, Raqwon Slade, and his attorney, Christopher Carney, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c):

1. **The Charges.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters his plea of guilty to the following charge contained in the Indictment:

Count 1: *Felon in Possession of a Firearm*, in violation of Title 18, United States Code, Section 922(g)(1).

By entering this plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering his plea of

*United States v. Slade*, CR18-307-JCC
Plea Agreement - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

guilty, he will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

2. **Elements of the Offenses.** The elements of the charged offense are as follows:

*Felon in Possession of a Firearm:*

    a. The Defendant knowingly possessed a firearm;

    b. The firearm was not manufactured in the State of Washington and, therefore, had traveled in interstate or foreign commerce; and

    c. The Defendant had previously been convicted of a crime punishable by imprisonment for a term exceeding one year.

3. **Penalties.** Defendant understands that the maximum statutory penalties for the charged crimes are as follows:

*Felon in Possession of a Firearm:* Imprisonment for up to ten (10) years, a fine of up to two hundred and fifty thousand dollars ($250,000), a period of supervision following release from prison of up to three (3) years, and a special assessment of one hundred dollars ($100).

Defendant understands that supervised release is a period of time following imprisonment during which he will be subject to certain restrictions and requirements. Defendant further understands that if supervised release is imposed and he violates one or more of its conditions, he could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant's serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that in addition to any term of imprisonment or fine imposed, the Court may order him to pay restitution to any victim of the offense, as required by law.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further

*United States v. Slade*, CR18-307-JCC
Plea Agreement - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office.

4. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, he knowingly and voluntarily waives the following rights:

   a. The right to plead not guilty and to persist in a plea of not guilty;

   b. The right to a speedy and public trial before a jury of his peers;

   c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for him;

   d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

   e. The right to confront and cross-examine witnesses against Defendant at trial;

   f. The right to compel or subpoena witnesses to appear on his behalf at trial;

   g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

   h. The right to appeal a finding of guilt or pretrial rulings.

5. **United States Sentencing Guidelines.** Defendant understands and acknowledges that, at sentencing, the Court must consider the sentencing range calculated under the United States Sentencing Guidelines, together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offenses; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offenses, to promote respect for the law, and to provide just punishment for the offenses; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the defendant; (6) the need to provide the defendant with educational and vocational training, medical care, or other correctional treatment in

*United States v. Slade*, CR18-307-JCC
Plea Agreement - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

    a. The Court will determine his applicable Sentencing Guideline range at the time of sentencing;

    b. After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

    c. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

    d. Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

6. **Statement of Facts.** Defendant admits he is guilty of the charged offense. The parties agree on the following facts:

    a. On December 1, 2018, within the Western District of Washington, the Defendant, RAQWON SLADE, knowingly possessed a loaded Glock 30 handgun, bearing serial number XMC391.

    b. The firearm described in the previous paragraph was manufactured outside the State of Washington and had previously travelled in interstate commerce.

    c. The Defendant knew he was prohibited from possessing a firearm based on the following felony convictions punishable by more than one year in prison:

        i. *Second Degree Assault* and *Second Degree Unlawful Possession of a Firearm*, in King County Superior Court, Washington, under case number 12-1-000209-4 on or about April 25, 2013; and

*United States v. Slade*, CR18-307-JCC
Plea Agreement - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

    ii. *Felon in Possession of a Firearm*, in United States District Court for the Western District of Washington, under case number CR-15-353-MJP, on or about March 17, 2016.

  **d.** The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

  **7. Non-Prosecution of Additional Offenses.** As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute the Defendant for any additional offenses known to it as of the time of this Agreement that are based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

  Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

  **8. Acceptance of Responsibility.** The United States acknowledges that if the Defendant qualifies for an acceptance of responsibility adjustment pursuant to USSG § 3E1.1(a), his total offense level should be decreased by two (2) levels (unless the total offense level is greater than sixteen, in which case it should be decreased by three (3) levels) because he has assisted the United States by timely notifying the authorities of

*United States v. Slade*, CR18-307-JCC
Plea Agreement - 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

9. **Sentence Recommendation.** Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the parties have agreed to recommend a sentence as follows:

The government will cap its recoemdation at 30 months incarceration, to be served concurrently with the 24 months on the pending supervised release violations.

The defense may request whatever term it deems appropriate.

Defendant understands that any recommendation by either party is not binding on the Court and the Court may reject the recommendation of the parties and may impose any term of imprisonment up to the statutory maximum penalty authorized by law. Defendant further understands that he cannot withdraw his guilty pleas simply because of the sentence imposed by the District Court. Except as otherwise provided in this plea agreement, the parties are free to present arguments are regarding any other aspect of sentencing.

10. **Ultimate Sentence.** Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

11. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that if Defendant breaches this Plea Agreement, the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence. Defendant agrees not to oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement. Defendant also agrees that if Defendant is in breach of this Plea Agreement, Defendant has waived any objection to the re-institution of any charges in the Indictment that were previously dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Agreement, Defendant should engage in illegal conduct, or conduct that is in violation of his conditions of confinement (examples of which include, but are not limited to: obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and

*United States v. Slade*, CR18-307-JCC
Plea Agreement - 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the plea agreement.

**12. Waiver of Appellate Rights and Rights to Collateral Attacks.**
Defendant acknowledges that by entering the guilty plea(s) required by this plea agreement, Defendant waives all rights to appeal from his conviction and any pretrial rulings of the court. Defendant further agrees that, provided the court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the court at the time of sentencing, Defendant waives to the full extent of the law:

    a. Any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable); and

    b. Any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation.

This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of his [~~HIS OR HER~~] confinement or the decisions of the Bureau of Prisons regarding the execution of his [~~HIS OR HER~~] sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in

*United States v. Slade*, CR18-307-JCC
Plea Agreement - 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

12. **Forfeiture.** Defendant further agrees, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), to forfeit to the United States any firearms or ammunition involved in or used in any knowing violation of Title 18, United States Code, Section 922(g), including but not limited to the following:

    a. One Glock 30 handgun, bearing serial number XMC391, seized on or about December 1, 2018.

13. **Forfeiture of Contraband.** Defendant also agrees and consents to the administrative forfeiture, official use, and/or destruction of any firearms, ammunition, or contraband (including any controlled substances) seized by any law enforcement agency from the possession of Defendant, or that were in the direct or indirect control of Defendant.

14. **Voluntariness of Plea.** Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily and that no threats or promises, other than the promises contained in this Plea Agreement, were made to induce Defendant to enter this plea of guilty.

15. **Statute of Limitations.** In the event this Agreement is not accepted by the Court for any reason, or Defendant has breached any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

//
//
//

*United States v. Slade*, CR18-307-JCC
Plea Agreement - 8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

16. **Completeness of Agreement.** The United States and Defendant acknowledge that except as may be discussed on the record at the change of plea hearing, these terms constitute the entire Plea Agreement between the parties. This Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

DATED this 3rd day of June, 2019.

_____
RAQWON SLADE
Defendant

_____
CHRISTOPHER CARNEY
Attorney for Defendant

_____
KATHERYN FRIERSON
Assistant United States Attorney

_____
STEPHEN HOBBS
Assistant United States Attorney

*United States v. Slade*, CR18-307-JCC
Plea Agreement - 9

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970