The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　　　v.<br><br>RAQWON SLADE,<br><br>　　　　　　Defendant. | NO. CR18-307 JCC<br>　　　CR15-353 JCC<br><br>GOVERNMENT'S SENTENCING MEMORANDUM & SUPERVISED RELEASE DISPOSITION MEMORANDUM |

Comes now the United States of America, by and through Brian T. Moran, United States Attorney for the Western District of Washington, and Stephen Hobbs, Assistant United States Attorney for said District, and files this Government's Sentencing Memorandum (CR18-307 JCC) and Supervised Release Disposition Memorandum (CR15-353 JCC).

## I.　　INTRODUCTION

Raqwon Slade has pled guilty to one count of being a *Felon in Possession of a Firearm*. The United States respectfully requests that the Court impose a sentence of 30 months imprisonment under CR18-307 JCC, to be served concurrently to 24 months on multiple violations of supervised release under CR15-353 JCC. The government also

*United States v. Raqwon Slade*, CR18-307 JCC and CR15-353 JCC
Government's Sentencing Memorandum - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

requests that the Court impose (3) years of supervised release under CR18-307 JCC and terminate supervision under CR15-353 JCC.

## II.   PROCEDURAL BACKGROUND

Slade is on federal supervision for being a *Felon in Possession of a Firearm*. He was originally sentenced to 24 months, which was reduced to 16 months (time served) after a post-*Johnson* remand.

Slade had multiple pending violations of supervised release, with a disposition hearing scheduled for December 11, 2018.

On December 7, 2018, the Probation Officer learned that Slade had been arrested on December 1, 2018, for possession of a firearm. The Probation Office submitted a petition for three new violations of supervised release and obtained an arrest warrant.

On December 11, 2018, Slade appeared before Judge Pechman for the violation hearing and was arrested on the outstanding warrant. An initial appearance hearing was held on the new violations. Slade was detained on the warrant.

On December 13, 2018, the grand jury returned an indictment charging Slade with one count of *Felon in Possession of a Firearm.*

Slade filed a motion to suppress. After briefing and an evidentiary hearing, the Court denied the motion in a written ruling. Dkt. 42.

On June 3, 2019, Slade pled guilty to one count of being a *Felon in Possession of a Firearm*. The Plea Agreement contained an appeal waiver. Dkt. 47.

## III.   FACTUAL BACKGROUND[1]

On December 2, 2018, King County Sherriff's Office (KCPO) Sergeant Sigel was working alone in a marked patrol car. Sgt. Sigel has been with the KCPO for 30 years, almost all of that time working as a patrol officer or sergeant.

---

[1] This summary of the facts is identical to that presented in the Government's Response to Slade's Motion to Suppress. Dkt. 22. The government has not included the exhibits filed in support of this factual statement, which were also admitted at the evidentiary hearing.

*United States v. Raqwon Slade*, CR18-307 JCC and CR15-353 JCC
Government's Sentencing Memorandum - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

At approximately 2:58 AM, Sgt. Sigel drove past a hardware store located at 1400 SE Petrovitsky Road in Renton.[2] The hardware store is part of a larger complex that includes other business. Behind the hardware store are a Safeway and a tavern, both of which have separate parking lots. Across the parking lot from the hardware store is a McDonald's, which was closed (both the store and the drive-thru).

Sgt. Sigel observed a lone black male, later identified as Raqwon Slade, loitering in front of the store. Slade kept disappearing from his view between the front door and the propane tank storage containers. At the time, Sgt. Sigel believed the store had been the subject of a recent burglary. Sgt. Sigel could not tell what exactly Slade was doing and watched him for about three to five minutes. He then saw Slade urinating against a pillar and decided to contact Slade.

Slade did not attempt to leave the area until he saw Sgt. Sigel approach. Sgt. Sigel got out of his patrol vehicle and asked Slade to come over to his vehicle. He repeated this request three times. When it appeared that Slade was thinking about running, the sergeant stepped in front of Slade's path, which forced Slade to move toward the patrol car. As the pair moved toward the patrol car, Sgt. Sigel asked Slade if he had any identification. Slade started reaching toward his right side, with his right hand concealed from the sergeant's view. Sgt. Sigel told Slade to keep both hands where he could see them.

Slade displayed both hands briefly and then again reached toward his waistband with his right hand. At this point, Sgt. Sigel drew his firearm, holding it in a low ready position, and told Slade to show both of his hands. Slade put both of his hands on the patrol vehicle, but then again reached for the right front side of his waistband.

Sgt. Sigel told Slade three more times to put his hands on the car where they would be in view, but Slade refused to do so. Sgt. Sigel then grabbed the back of Slade's sweatshirt and pushed him against the patrol car. Slade again reached toward his right

---

[2] In his report, Sgt. Sigel calls the store both an ACE hardware store and True Value hardware store.

*United States v. Raqwon Slade*, CR18-307 JCC and CR15-353 JCC
Government's Sentencing Memorandum - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

waistband. At this point, Sgt. Sigel put his firearm against the back of Slade's head and told Slade to show his hands. Sgt. Sigel repeated this request three times before Slade put his hands on the patrol car. At no time was Sgt. Sigel "screaming" at Slade.

Sgt. Sigel then patted down the front right side of his waistband and recovered a loaded Glock handgun (10 rounds in the magazine, one round in the chamber). Slade was placed in handcuffs. Computer checks revealed that the firearm had previously been reported stolen and that Slade had prior felony convictions.[3] Slade was placed under arrest. Another deputy arrived at the scene and the firearm was turned over to her. Further examination of the area revealed fresh urine on the pillar of the hardware store.

The Computer Aided Dispatch (CAD) report shows that approximately two minutes and 30 seconds elapsed between the time at which Sgt. Sigel informed dispatch he had seen Slade and when Slade had been handcuffed.

After Slade was placed in the patrol car, Sgt. Sigel had to continuously wake him up as he kept trying to lay down to sleep. In his report, Sgt. Sigel checked a box indicating that he believed alcohol was involved in the incident.

## IV. STATUTORY PENALTIES

*Felon in Possession of a Firearm*: Imprisonment for up to ten (10) years, a fine of up to two hundred and fifty thousand dollars ($250,000), a period of supervision following release from prison of up to three (3) years, and a special assessment of one hundred dollars ($100).

## V. THE SENTENCING GUIDELINES CALCULATION

The United States agrees with the USPO's determination that Slade's total offense level (after acceptance of responsibility) is 13. PSR ¶¶ 15-23. The government agrees that Slade has 8 criminal history points, which places him in Criminal History Category

---

[3] Unknown to Sgt. Sigel was the fact that in addition to his state felony convictions, Slade had previously been convicted of *Felon in Possession of a Firearm* in the Western District of Washington, under cause number CR15-353-JCC, and was serving a 30-month term of supervised release.

*United States v. Raqwon Slade*, CR18-307 JCC and CR15-353 JCC
Government's Sentencing Memorandum - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

IV. PSR ¶ 24-28. Consequently, the government agrees that Slade's Sentencing Guideline Range is 24 to 30 months. PSR ¶ 57.

## VI. KINDS OF SENTENCES AVAILABLE

Because the guideline range falls within Zone D of the Sentencing Table, the minimum term must be satisfied by a term of imprisonment, pursuant to USSG § 5C1.1(f).

## VII. THE UNITED STATES SENTENCING RECOMMENDATION

For the reasons set forth in the accompanying motion, the United States respectfully requests the Court sentence Slade to 30 months imprisonment, to be served concurrently to 24 months on multiple violations of supervised release. The United States also asks this Court to order three (3) years of supervised release and impose the proposed conditions set forth in the presentence report.

### A.    Nature and Circumstances of the Offense.

The circumstances surrounding this charge are concerning. Slade has *twice* been convicted of unlawfully possessing a firearm, once in state court and again in federal court. PSR¶ 25 & 26. Nevertheless, Slade was once again in possession of a semi-automatic handgun. Slade's actions demonstrate that he has not been deterred from possessing a firearm by his prior convictions.

### B.    History and Characteristics of the Defendant

In the context of the present case, Slade's prior state convictions for *Assault in the Second Degree with a Deadly Weapon* and *Unlawful Possession of a Firearm in the Second Degree* are particularly relevant. PSR ¶ 24. In that incident, Slade shot another individual:

> According to Court records, on April 14, 2012, Cleden Jimerson and Mr. Slade argued with the victim, Christopher Mathews, who they initially encountered on a bus. The argument led to Mr. Jimerson and Mr. Mathews physically fighting behind a Safeway grocery store in Kent, Washington. During the fight, Mr. Slade pulled a gun out and shot at Mr. Mathews. Mr. Slade was known by the victim as "Rayg." Based on witnesses' accounts

*United States v. Raqwon Slade*, CR18-307 JCC and CR15-353 JCC
Government's Sentencing Memorandum - 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

and Mr. Mathews' interview, Mr. Slade was identified and arrested at his residence.

PSR ¶ 25.  Slade was sentenced to 24 months for this crime.

The firearm Slade possessed during his prior federal conviction was found on Slade by medics as Slade was being treated for a seizure. Slade's girlfriend told police that the firearm belonged to her and that she had purchased it 18 months previously. According to the PSR:

> The firearm possessed by the defendant was run through the National Integrated Ballistic Information Network (NIBIN). By a comparison to spent shell casings found at other crime scenes, the firearm was connected to five separate shooting incidents between November 23, 2014, and August 5, 2015. Two of the incidents involved property damage, and three of the incidents involved assaults.

PSR ¶ 24.  Slade was originally sentenced to 24 months for this crime, which was reduced to 16 months (time served) after a post-*Johnson* remand.

According to the PSR, there does not appear to be a history of neglect or abuse in Slade's upbringing, although Slade's father left the family when Slade was 13 years old. PSR ¶¶ 32-35.

Slade acknowledges long-time involvement in gang activity and the Deuce 8 gang. As a probable consequence of this lifestyle, Slade has been shot.  PSR ¶ 36-38.  In the mental health evaluation submitted by the defense after his first federal conviction, Slade acknowledged having several friends who had been shot and killed.

As a result of being shot, Slade suffers from seizures.  PSR ¶ 444.

Slade has essentially no history of employment. PSR ¶¶ 60. He quit a job at McDonalds in 2019 after working there for five months. PSR¶ 52.

Slade admits a lengthy history of substance abuse, including the use of alcohol, Marijuana, ecstasy, and codeine cough syrup.  Slade completed a 40 hour drug class while previously in BOP custody. PSR ¶ 47-50.

*United States v. Raqwon Slade*, CR18-307 JCC and CR15-353 JCC
Government's Sentencing Memorandum - 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Slade reports a history of depression and was receiving mental health counseling while on supervised release. PSR ¶¶ 45-46.

Slade did not complete high school but has obtained a GED. PSR ¶¶ 51.

**C.    Supervised Release Violations.**

Slade was on federal supervision when the underlying incident occurred. At that time, the following three violations were pending:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. | Failing to reside in and satisfactorily participate in a residential reentry center as of August 13, 2018, in violation of a special condition of supervised release. |
| 2. | Consuming marijuana on or about the following dates in violation of a standard condition of supervised release.<br>a. July 13, 2018<br>b. July 17, 2018<br>c. July 25, 2018<br>d. July 30, 2018<br>e. August 2, 2018 |
| 3. | Failing to participate in mental health treatment as instructed as of June 28, 2018, in violation of a special condition of supervised release. |

Slade admitted these violations at his initial appearance (Dkt. 57, CR15-353).

Subsequently, the following violation was filed:

| Violation Number | Nature of Noncompliance |
|---|---|
| 4. | Consuming marijuana, in violation of a standard condition of supervised release, on or about the following dates:<br>• August 9, 2018<br>• August 24, 2018<br>• August 27, 2018<br>• September 4, 2018<br>• September 13, 2018<br>• September 19, 2018<br>• October 2, 2018<br>• October 12, 2018 |

It is anticipated that Slade will admit these violations at sentencing.

After his arrest on December 1, 2018, the USPO filed the following violations:

*United States v. Raqwon Slade*, CR18-307 JCC and CR15-353 JCC
Government's Sentencing Memorandum - 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

| Violation Number | Nature of Noncompliance |
|---|---|
| 5. | Committing the crime of unlawful possession of a firearm in the second degree, and possession of a stolen firearm on or about December 1, 2018, in violation of a standard condition of supervised release. |
| 6. | Possessing a firearm, ammunition, or any other dangerous weapon on or about December 1, 2018, in violation of a mandatory condition of supervised release. |
| 7. | Failing to notify the probation officer within 72 hours of being arrested or questioned by law enforcement, in violation of a standard condition of supervised release. |

It is anticipated that Slade will admit these violations at sentencing. The government is recommending 24 months incarceration for these violations, to be served concurrently with the time imposed on the new case and with no term of supervision to follow under this case number.

### D.     Government's proposed sentence: 30 months.

The government respectfully requests that the Court sentence Slade to 30 months imprisonment to be followed by a period of three years of supervised release. This sentence is appropriate for the following reasons.

Most basically, it holds Slade accountable for his third conviction for unlawfully possessing a firearm. It takes into account Slade's prior state conviction for possessing a firearm and shooting another person and his prior federal conviction for being a *Felon in Possession of a Firearm*.[4]

Furthermore, Slade is receiving the benefit of the government's recommendation that the time imposed on the supervised release violations be run concurrently with the time imposed under the new cause number. The government's recommendation at the

---

[4] In his letter to the Court, dated June 13, 2019, Slade mentions that he has waived his right to appeal. The government notes that this was not a requirement of the plea negotiations and that the government was prepared to allow Slade to proceed by way of a conditional plea in order to preserve his right to appeal. Indeed, the plea agreement was originally written as a conditional plea when, the day before the plea hearing, Slade requested that a plea agreement with an appeal waiver in return for the government capping its recommendation at 30 months and an agreed recommending that the supervised release time be imposed concurrently with the new sentence.

*United States v. Raqwon Slade*, CR18-307 JCC and CR15-353 JCC
Government's Sentencing Memorandum - 8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

high end of the Guidelines takes into account that Slade was on supervised release when he was again found in possession of a firearm.

Ultimately, the government submits that a 30-month sentence of imprisonment will appropriately allow Slade an opportunity to receive treatment and services while at the Bureau of Prisons, will allow the Court a degree of measured control while Slade reintegrates into the community via a halfway house, and imposes a significant, but not excessive, sanction for his criminal conduct.

### VIII.  CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court sentence Slade to 30 months imprisonment under CR18-307 JCC, to be served concurrently to 24 months on multiple violations of supervised release under CR15-353 JCC. The government also requests that the Court impose three (3) years of supervised release under CR18-307 JCC and terminate supervision under CR15-353 JCC.  The United States also asks the Court to impose the conditions set forth in the Presentence Report submitted by the United States Probation Officer.

DATED this 19th day of July, 2019.

Respectfully submitted,

BRIAN T. MORAN
United States Attorney

*s/ Stephen Hobbs*
STEPHEN HOBBS
Assistant United States Attorney
United States Attorney's Office
700 Stewart, Suite 5220
Seattle, Washington 98101
Phone: (206) 553-4301
E-mail: stephen.p.hobbs@usdoj.gov

*United States v. Raqwon Slade*, CR18-307 JCC and CR15-353 JCC
Government's Sentencing Memorandum - 9

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

CERTIFICATE OF SERVICE

I hereby certify that on July 19, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record for the defendant(s).

    *s/ Becky Hatch*
BECKY HATCH
Legal Assistant
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101
Phone: (206) 553-4161
Fax: (206) 553-0755
E-mail: becky.hatch@usdoj.gov

*United States v. Raqwon Slade*, CR18-307 JCC and CR15-353 JCC
Government's Sentencing Memorandum - 10

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970